IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN MITCHELL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 02-4439 |
| v. : | |
| : | |
| TRANS UNION, LLC; ANB/AMOCO; : | |
| FIRST USA BANK; and SOUTHTRUST : | |
| BANK, : | |
| : | |
| Defendants. : | |

**CITIBANK (SOUTH DAKOTA), N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Citibank (South Dakota), N.A., successor-in-interest to Associates National Bank (Delaware), misidentified in plaintiff's complaint as "ANB/Amoco" (hereafter "Bank"), by its undersigned attorneys, for its answer to plaintiff's complaint, says:

**PRELIMINARY STATEMENT**

1.  Bank admits that plaintiff purports to assert the claims set forth in paragraph 1 of plaintiff's complaint but denies that plaintiff is entitled to relief under any of those claims and specifically denies that Bank acted wrongfully or harmed plaintiff in any manner.

## JURISDICTION AND VENUE

2-3.    The averments contained in paragraphs 2 and 3 of plaintiff's complaint set forth a legal conclusion and, therefore, Bank denies the averments as stated.  To the extent paragraphs 2 and 3 set forth factual averments, Bank does not contest the jurisdiction of this Court or the venue of this action.

## PARTIES

4-5.    The averments contained in paragraphs 4 and 5 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated.  To the extent paragraphs 4 and 5 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

6.    The averments contained in paragraph 6 of plaintiff's complaint set forth a legal conclusion and, therefore, Bank denies the averments as stated.  To the extent paragraph 6 sets forth factual averments, Bank admits that it is a national banking association and has offices in Sioux Falls, South Dakota, but denies the remaining factual averments.

7-8.    The averments contained in paragraphs 7 and 8 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated.  To the extent paragraphs 7 and 8 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## FACTUAL ALLEGATIONS

9-11. The averments contained in paragraphs 9 through 11 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 9 through 11 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

12-17. Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 12 through 17 of plaintiff's complaint and, therefore, denies those averments.

18-20. The averments contained in paragraphs 18 through 20 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 18 through 20 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

21. Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of plaintiff's complaint and, therefore, denies those averments.

22. The averments contained in paragraph 22 of plaintiff's complaint set forth a legal conclusion and, therefore, Bank denies the averments as stated. To the extent paragraph 22 sets forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies those averments.

23-28. The averments contained in paragraphs 23 through 28 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 23 through 28 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

## CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. TU)

29. Bank incorporates by reference its previous responses as though fully set forth herein.

30-34. The averments contained in paragraphs 30 through 34 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 30 through 34 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT TWO - FCRA
### (Plaintiff v. Amoco, First USA and Southtrust)

35. Bank incorporates by reference its previous responses as though fully set forth herein.

36. The averments contained in paragraph 36 of plaintiff's complaint set forth a legal conclusion and, therefore, Bank denies the averments as stated.

37-38. The averments contained in paragraphs 37 and 38 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 37 and 38 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

**COUNT THREE - DEFAMATION**
**(Plaintiff v. TU)**

39. Bank incorporates by reference its previous responses as though fully set forth herein.

40-49. The averments contained in paragraphs 40 through 49 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 40 through 49 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

**COUNT FOUR - DEFAMATION**
**(Plaintiff v. Amoco, First USA and Southtrust)**

50. Bank incorporates by reference its previous responses as though fully set forth herein.

51-59. The averments contained in paragraphs 51 through 59 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 51 through 59 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

## COUNT FIVE- CPL
### (Plaintiff v. TU)

60. Bank incorporates by reference its previous responses as though fully set forth herein.

61-64. The averments contained in paragraphs 61 through 64 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 61 through 64 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SIX - NEGLIGENCE
### (Plaintiff v. TU)

65. Bank incorporates by reference its previous responses as though fully set forth herein.

66-68. The averments contained in paragraphs 66 through 68 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 66 through 68 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SEVEN - NEGLIGENCE
### (Plaintiff v. Amoco, First USA and Southtrust)

69. Bank incorporates by reference its previous responses as though fully set forth herein.

70-72. The averments contained in paragraphs 70 through 72 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 70 through 72 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

## COUNT EIGHT – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. TU)

73. Bank incorporates by reference its previous responses as though fully set forth herein.

74-76. The averments contained in paragraphs 74 through 76 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 74 through 76 set forth factual averments, Bank lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT NINE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Amoco, First USA and Southtrust)

77. Bank incorporates by reference its previous responses as though fully set forth herein.

78-80. The averments contained in paragraphs 78 through 80 of plaintiff's complaint set forth legal conclusions and, therefore, Bank denies the averments as stated. To the extent paragraphs 78 through 80 set forth factual averments concerning Bank, Bank denies the averments but lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments and, therefore, denies those averments.

### JURY TRIAL DEMAND

81. Bank admits that plaintiff purports to demand a trial by jury. To the extent plaintiff asserts that he is entitled to a trial by jury, the assertion sets forth a legal conclusion and, therefore, Bank denies the averments as stated.

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

#### Second Defense

Bank did not commit any wrongful, illegal or inappropriate acts.

#### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

#### Fourth Defense

Bank is immune, in whole or in part, from plaintiff's claims.

#### Fifth Defense

Any statements made by Bank were true at the time they were made.

**Sixth Defense**

Any statements made by Bank were privileged at the time they were made.

**Seventh Defense**

Plaintiff's claims are pre-empted, in whole or in part.

**Eighth Defense**

Plaintiff did not suffer any damages as a result of the conduct of Bank.

**Ninth Defense**

Plaintiff failed to mitigate his damages.

**Tenth Defense**

To the extent plaintiff suffered damages, none being admitted, they were caused by third persons over which Bank exercised no control.

WHEREFORE, Citibank (South Dakota), N.A. demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP


By: _____
John K. Semler, Jr., Esquire
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8121
215-864-9283 (Fax)

Attorneys for Citibank (South Dakota), N.A., successor in interest to Associates National Bank (Delaware)

Dated:  September 9, 2002

## **CERTIFICATE OF SERVICE**

I, John K. Semler, Jr., Esquire hereby certify that I have caused a true and correct copy of Citibank (South Dakota), N.A.'s Answer to Plaintiff's Complaint to be served this date, by first class mail, upon:

>Mark D. Mailman, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>Philadelphia, PA 19110

Dated: September 9, 2002 _____
John K. Semler, Jr.