IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN MITCHELL, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. 4439 |
| v. : | |
| : | |
| TRANS UNION, LLC; ANB/AMOCO; : | |
| FIRST USA BANK; and SOUTHTRUST : | |
| BANK, : | |
| : | |
| Defendants. : | |

**FIRST USA BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant First USA Bank, N.A. (hereafter "First USA"), misidentified in plaintiff's complaint as "First USA Bank," by its undersigned attorneys, for its answer to plaintiff's complaint, says:

**PRELIMINARY STATEMENT**

1. First USA admits that plaintiff purports to assert the claims set forth in paragraph 1 of plaintiff's complaint but denies that plaintiff is entitled to relief under any of those claims and specifically denies that First USA acted wrongfully or harmed plaintiff in any manner.

## JURISDICTION AND VENUE

2-3.   The averments contained in paragraphs 2 and 3 of plaintiff's complaint set forth a legal conclusion and, therefore, First USA denies the averments as stated. To the extent paragraphs 2 and 3 set forth factual averments, First USA does not contest the jurisdiction of this Court or the venue of this action.

## PARTIES

4-6.   The averments contained in paragraphs 4 through 6 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 4 through 6 set forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

7.   The averments contained in paragraph 7 of plaintiff's complaint set forth a legal conclusion and, therefore, First USA denies the averments as stated. To the extent paragraph 7 sets forth factual averments, First USA admits that it is a national banking association and has offices in Wilmington, Delaware, but denies the remaining factual averments.

8.   The averments contained in paragraph 8 of plaintiff's complaint set forth a legal conclusion and, therefore, First USA denies the averments as stated. To the extent paragraph 8 sets forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## FACTUAL ALLEGATIONS

9-11. The averments contained in paragraphs 9 through 11 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 9 through 11 set forth factual averments, First USA denies the averments.

12-17. First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 12 through 17 of plaintiff's complaint and, therefore, denies those averments.

18-20. The averments contained in paragraphs 18 through 20 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 18 through 20 set forth factual averments, First USA denies the averments.

21. First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 21 of plaintiff's complaint and, therefore, denies those averments.

22. The averments contained in paragraph 22 of plaintiff's complaint set forth a legal conclusion and, therefore, First USA denies the averments as stated. To the extent paragraph 22 sets forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies those averments.

23-28. The averments contained in paragraphs 23 through 28 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 23 through 28 set forth factual averments, First USA denies the averments.

## CLAIMS

### COUNT ONE - FCRA
### (Plaintiff v. TU)

29. First USA incorporates by reference its previous responses as though fully set forth herein.

30-34. The averments contained in paragraphs 30 through 34 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 30 through 34 set forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT TWO - FCRA
### (Plaintiff v. Amoco, First USA and Southtrust)

35. First USA incorporates by reference its previous responses as though fully set forth herein.

36. The averments contained in paragraph 36 of plaintiff's complaint set forth a legal conclusion and, therefore, First USA denies the averments as stated.

37-38. The averments contained in paragraphs 37 and 38 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 37 and 38 set forth factual averments, First USA denies the averments.

### COUNT THREE - DEFAMATION
### (Plaintiff v. TU)

39. First USA incorporates by reference its previous responses as though fully set forth herein.

40-49. The averments contained in paragraphs 40 through 49 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 40 through 49 set forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT FOUR - DEFAMATION
### (Plaintiff v. Amoco, First USA and Southtrust)

50. First USA incorporates by reference its previous responses as though fully set forth herein.

51-59. The averments contained in paragraphs 51 through 59 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 51 through 59 set forth factual averments, First USA denies the averments.

### COUNT FIVE- CPL
### (Plaintiff v. TU)

60. First USA incorporates by reference its previous responses as though fully set forth herein.

61-64. The averments contained in paragraphs 61 through 64 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 61 through 64 set forth factual averments, First USA lacks knowledge

or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SIX - NEGLIGENCE
### (Plaintiff v. TU)

65. First USA incorporates by reference its previous responses as though fully set forth herein.

66-68. The averments contained in paragraphs 66 through 68 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 66 through 68 set forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

## COUNT SEVEN - NEGLIGENCE
### (Plaintiff v. Amoco, First USA and Southtrust)

69. First USA incorporates by reference its previous responses as though fully set forth herein.

70-72. The averments contained in paragraphs 70 through 72 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 70 through 72 set forth factual averments, First USA denies the averments.

### COUNT EIGHT – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. TU)

73. First USA incorporates by reference its previous responses as though fully set forth herein.

74-76. The averments contained in paragraphs 74 through 76 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 74 through 76 set forth factual averments, First USA lacks knowledge or information sufficient to form a belief as to the truth of the averments and, therefore, denies the averments.

### COUNT NINE – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Amoco, First USA and Southtrust)

77. First USA incorporates by reference its previous responses as though fully set forth herein.

78-80. The averments contained in paragraphs 78 through 80 of plaintiff's complaint set forth legal conclusions and, therefore, First USA denies the averments as stated. To the extent paragraphs 78 through 80 set forth factual averments, First USA denies the averments.

### JURY TRIAL DEMAND

81. First USA admits that plaintiff purports to demand a trial by jury. To the extent plaintiff asserts that he is entitled to a trial by jury, the assertion sets forth a legal conclusion and, therefore, First USA denies the averments as stated.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

First USA did not commit any wrongful, illegal or inappropriate acts.

### Third Defense

Plaintiff's claims are barred by the applicable statute of limitations.

### Fourth Defense

First USA is immune, in whole or in part, from plaintiff's claims.

### Fifth Defense

Any statements made by First USA were true at the time they were made.

### Sixth Defense

Any statements made by First USA were privileged at the time they were made.

### Seventh Defense

Plaintiff's claims are pre-empted, in whole or in part.

### Eighth Defense

Plaintiff did not suffer any damages as a result of the conduct of First USA.

### Ninth Defense

Plaintiff failed to mitigate his damages.

### Tenth Defense

To the extent plaintiff suffered damages, none being admitted, they were caused by third persons over which First USA exercised no control.

WHEREFORE, First USA Bank, N.A. demands judgment in its favor and against plaintiff, together with such other relief, including costs and attorneys' fees as the Court deems just and proper.

Respectfully submitted,

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: _____
John K. Semler, Jr., Esquire
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215-864-8121
215-864-9283 (Fax)

Attorneys for First USA Bank, N.A.

Dated: September 9, 2002

## **CERTIFICATE OF SERVICE**

I, John K. Semler, Jr., Esquire hereby certify that I have caused a true and correct copy of First USA Bank, N.A.'s Answer to Plaintiff's Complaint to be served this date, by first class mail, upon:

>Mark D. Mailman, Esquire
>Francis & Mailman, P.C.
>Land Title Building, 19th Floor
>Philadelphia, PA 19110

Dated: September 9, 2002                    _____
                                            John K. Semler, Jr.