**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

KEVIN MITCHELL                     :

            v.                    :     NO.:  02-4439

TRANS UION, LLC, ANB/BPAMOCO c/o :
CITIGROUP, FIRST USA BANK,
SOUTHTRUST BANK              :

**ORDER**

AND NOW, this            day of                  , 2002, upon

consideration of the Motion to Dismiss filed on behalf of Defendant, SouthTrust Bank,

and any response thereto, it is hereby ORDERED, that Defendant's Motion to Dismiss is

GRANTED.  Plaintiff's Complaint against SouthTrust Bank is hereby DISMISSED with

prejudice.

                             BY THE COURT:

                             _____

                                        J.

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

KEVIN MITCHELL                              :

      v.                                      :          NO.:  02-4439

TRANS UION, LLC, ANB/BPAMOCO c/o :
CITIGROUP, FIRST USA BANK,
SOUTHTRUST BANK                             :


### RULE 12b(6) MOTION TO DISMISS OR, IN THE ALTERNATIVE, RULE 56 MOTION FOR SUMMARY JUDGMENT, OF DEFENDANT SOUTHTRUST BANK

Defendant, SouthTrust Bank ("SouthTrust"),  by and through its attorneys, Marshall,

Dennehey, Warner, Coleman & Goggin, hereby moves to dismiss plaintiff's complaint or, in the

alternative, moves for summary judgment on plaintiff's complaint and, in support, states the

following:

      A.     RULE 12(b)(6) MOTION TO DISMISS

      1.     Plaintiff Kevin Mitchell has filed a complaint against the defendant, SouthTrust

Bank, in which he seeks recovery against defendant pursuant to the federal Fair Credit Reporting

Act ("FCRA"), 15 USC section 1681 et. seq.  The complaint also seeks recovery for claimed

state law reporting violations and/or for claimed state law torts.  The FCRA permits a limited

right of private action, which has not been satisfied in this case, and also contains a pre-emption

clause that prohibits the plaintiff's state law claims.  Hence, as will be discussed more fully

below, plaintiff's complaint against SouthTrust fails to state a claim upon which relief may be

granted.

      2.     Although not pleaded well, the case involves a claimed identity theft, where

another person, allegedly without plaintiff's permission, used plaintiff's name, social security

number, etc., to obtain a credit card from SouthTrust Bank.  Nowhere does the complaint state, which is a prerequisite for there to be a private right of action, that a credit reporting agency initially notified SouthTrust that an error existed with respect to plaintiff's credit card—as opposed to plaintiff initially notifying SouthTrust or SouthTrust first contacting plaintiff.

3.    At best, the complaint alleges that, later, e.g., after SouthTrust had already contacted plaintiff regarding the issues concerning plaintiff's credit card, the credit reporting agencies contacted defendant.  Further, the complaint alleges that, upon learning of the claimed errors, SouthTrust failed to comply with the FCRA's notification and investigation requirements.  See paragraphs 18-20, 37a-j of plaintiff's complaint attached as Exhibit "1."

4.    Count II of the complaint sets forth plaintiff's FCRA claim against defendant SouthTrust.  Plaintiff claims that defendant SouthTrust violated sections 1681n  (the FCRA's punitive damages provision for willful noncompliance with the FCRA), 1681o (damages in the event of negligent  non-compliance with the FCRA), and 1681s-2 (discussing specific reporting and investigating requirements of "furnishers" of credit information) of the FCRA.

5.    Count II fails to state a claim against SouthTrust upon which relief may be granted because:

    a.    Section 1681s-2(a) (discussing the reporting and investigation duties of furnishers who first learn of an error from the plaintiff) does not permit a private cause of action.  Rather, section 1681s-2(a) is exclusively enforced by the federal agency.  Plaintiff fails to identify the particular section of 1681s-2 he is purportedly seeking recovery under.  The complaint, consisting solely of boilerplate allegations, contains no facts to indicate that the claim falls outside the scope of section 1681s-2(a).  Therefore,

plaintiff has no right of private action, and his civil action complaint should summarily be dismissed.

    b.    There are no facts alleged in the complaint to indicate the claims squarely fall under section 1681s-2(b) as opposed to 1681s-2(a).  For a claim to fall under section 1681s-2(b), a credit reporting agency must initially report the credit problem to defendant, which is not what allegedly happened.   To the contrary, plaintiff claims he had repeated contacts with defendant SouthTrust regarding his credit problems, but he never once states that a credit agency first told SouthTrust of the alleged problem and/or that SouthTrust ever indicated to him that a credit agency initially told SouthTrust of the claimed error.  It is therefore clear that plaintiff has not sufficiently plead a cause of action against defendant under section 1681s-2(b).  If anything, his claims fall under 1681s-2(a), which does not permit a private cause of action in this case.

    6.    Even if the Court were to conclude that the claims fell under 1681s-2(b), which is not the case, there are no facts in the complaint to indicate that the defendant acted intentionally or willfully or that punitive damages are justified.  Plaintiff claims he had repeated contacts with the defendants since January 2001.   He never points to any specific date or instance when defendant SouthTrust acted with an intent to harm him or acted in a manner which might possibly justify punitive damages.  To the contrary, the complaint consists of unsupported boilerplate allegations of claimed willfulness, which this Court should hold are insufficient to state such a claim.   See paragraph 37(a)-(i) (containing unsupported boilerplate allegations that defendant SouthTrust "willfully and negligently" did not comply with the FCRA's provisions); see also paragraph (c) of "Prayer for Relief" section of complaint, (seeking punitive damages).  In short, the mere fact that information was allegedly not properly reported or investigated by

defendant does not mean the defendant intended to harm plaintiff or that defendant intended to provide knowingly false information.  Here, there are absolutely no facts at all to support the willfulness or punitive damages aspects of the complaint, and those claims should be dismissed.

7.     Count IV of the complaint alleges a defamation claim against defendant SouthTrust.  This claim should be dismissed because:

a.     As a threshold matter, section 1681t(b)(1)(f), containing the FRCA's pre-emption provisions, precludes plaintiff from bringing any state law negligence claims or any other state law  claims based upon alleged credit reporting violations.   Section 1681(h)(e) further provides that the FCRA pre-empts all state law claims of negligence, defamation, and any similar state tort law claim involving an alleged credit reporting violation absent evidence of malice.  There is no evidence of malice in the complaint, which mandates the dismissal of the defamation claim.

b.     Further, defamation claims in both Pennsylvania and Alabama have a one year statute of limitations.  The plaintiff's complaint alleges that plaintiff has been in contact with defendants since January 2001 regarding the claimed credit reporting problems at which point he knew, or should have known, of any alleged defamation.  The complaint, however, was not filed until approximately August 8, 2002, which is well beyond the one year statute of limitations for his purported defamation claim.

8.     Count VII alleges claims of negligence against defendant SouthTrust.  This Count is barred as a matter of law because:

a.     Section 1681t contains the FRCA's pre-emption provisions.  It expressly precludes plaintiff from bringing any negligence claims or any other state law claims for alleged credit reporting violations such as those alleged by plaintiff in this case.  Because

there are no claims other than negligence set forth in this Count, the entire Count should be stricken pursuant to section 1681t.

9.      In Count VII, Paragraph 70(b) alleges, without pointing to any specific cause of action, statute, code, or regulation that defendant was negligent in "disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above." To the extent plaintiff is purporting to make a claim against this defendant under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, such a claim has clearly not been sufficiently plead. More important, this claim falls squarely within section 1681(t)'s pre-emption clause. It is not permitted under any circumstances. Paragraph 70(b) should be dismissed in its entirety for its failure to state a claim upon which relief may be granted.

10.     Count XIII alleges an invasion of privacy/false light claim against defendant SouthTrust. This claim is also barred by the FCRA's pre-emption clause, which expressly prohibits plaintiff from asserting state law claims for alleged credit reporting violations.

11.     In the "Prayer for Relief" section of the complaint, plaintiff asks for punitive damages. As noted above, there is nothing in the complaint to support a claim for punitive damages.

WHEREFORE, for all of the reasons stated above, defendant, SouthTrust Bank, respectfully requests that this Court grant its F.R.C.P. 12(b)(6) motion and dismiss plaintiff's complaint, and any and all claims and/or crossclaims, against defendant SouthTrust Bank.

B.      RULE 56 MOTION FOR SUMMARY JUDGMENT

12.     As noted above, the complaint fails to state a claim upon which relief may be granted, and thus all of plaintiff's FCRA and state law claims against the defendant SouthTrust

should be stricken and dismissed.  In addition, the affidavit of Ms. Busby of SouthTrust, states that:

a)      On May 25, 2000, an application was submitted to defendant SouthTrust which contained plaintiff's name, date of birth, and social security number.

b)      On or about July 11, 2000, defendant SouthTrust's fraud department initially contacted plaintiff because it had noticed, through its own investigation, a potential problem regarding spending on his account.  At that time, plaintiff claimed to SouthTrust that he did not apply to SouthTrust for a credit card.  He claimed that, without his permission, his identity had been stolen.   He sent SouthTrust an affidavit dated August 5, 2000, regarding the claimed identify theft.

c)      At no time prior to the contact by SouthTrust to plaintiff to inform him of a potential problem with his account did any credit reporting agency notify SouthTrust that an error existed with regard to plaintiff's credit card.

d)      At that time, SouthTrust, as required, sent forms to the all three credit reporting agencies, Equifax, Experion, and TransUnion, notifying them of the error and requesting that it be deleted from plaintiff's credit history or credit report.  SouthTrust also closed the account and contacted those entities claiming that plaintiff owed them money on his account and took appropriate steps to have the debt written off or charged off of the account.

e)      The next time SouthTrust heard from plaintiff was on January 15, 2002.  At that time, plaintiff asked SouthTrust to investigate the matter and to make the appropriate corrections with the credit reporting agencies.  At that time, SouthTrust again advised the credit agencies of the claimed identity theft.  By this time, the account had long since been closed.
See affidavit of Ms. Busby attached as Exhibit "2."

13.    The affidavit of Ms. Busby of SouthTrust is uncontradicted.

14.    The plaintiff's complaint should be dismissed because there is no genuine dispute of any material facts.  It is clear that, as a matter of law:

    a.    The plaintiff's FCRA claims are precluded under section 1981s-2(a).  The claims clearly do not fall under 1981s-2(b) because SouthTrust did not obtain the information from a credit reporting agency.  Rather, SouthTrust, through its own investigation, contacted plaintiff regarding the claimed identify theft.

    b.    Even if the Court were to conclude that the claims were not precluded under section 1981s-2(a), it is clear that SouthTrust complied with the FRCA, including its proper reporting and investigation of the matter.  SouthTrust was not negligent and did not do anything wrong.  Also, there was clearly was no willful intent by defendant to harm plaintiff, nor any malice on the part of defendant.  Therefore, all claims of willful or intentional violations of the FCRA are legally and factually unfounded and therefore are barred as a matter of law.

    c.    All of plaintiff's state law claim claims, including but not limited to plaintiff's negligent claims, his defamation claim, his invasion of privacy claim, and any other state law claims for alleged credit reporting violations or for claimed violations of the Pennsylvania Unfair Trade Practices Act, are pre-empted by the FCRA.  Therefore, plaintiff is not permitted to bring such claims, and they should be dismissed as a matter of law.

    d.    Plaintiff's claims for punitive damages are legally and factually unsubstantiated and, therefore, they should be dismissed.

e.      There is no causal relationship between the acts of defendant and plaintiff's claimed damages.  SouthTrust, which complied with the FCRA, clearly was not the proximate cause of any of plaintiff's claimed problems.  If the credit reporting agencies failed to make corrections in terms of plaintiff's credit rating, the defendant SouthTrust cannot be blamed for that.   Due to the absence of any violation of the FCRA and due to the absence of proximate cause, all of the claims in the complaint should be stricken and dismissed with prejudice.

WHEREFORE, for all of the reasons stated above, defendant, SouthTrust Bank, respectfully requests that this Court grant its motion for summary judgment and dismiss plaintiff's complaint, and any and all claims and/or crossclaims, against defendant SouthTrust Bank.


MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


By:_____
          JONATHAN D. WEISS
          JEFFREY P. BATES
          Attorneys for Defendant,
          SouthTrust Bank

          Identification Nos.:
          1845 Walnut Street
          Philadelphia, PA 19103
          Phone: (215)575-2787/2812

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

KEVIN MITCHELL                                    :

          v.                                      :          NO.:  02-4439

TRANS UION, LLC, ANB/BPAMOCO c/o :
CITIGROUP, FIRST USA BANK,
SOUTHTRUST BANK                                   :

**MEMORANDUM OF LAW IN SUPPORT OR RULE 12 (b)(6) MOTION TO DISMISS**
**OR, IN THE ALTERNATIVE, RULE 56 MOTION FOR SUMMARY <u>JUDGMENT, OF</u>**
**<u>DEFENDANT SOUTHTRUST BANK</u>**

**I.      <u>SUMMARY OF ARGUMENT</u>**

          Plaintiff, Kevin Mitchell's Complaint against defendant SouthTrust Bank ("South Trust")

seeks recovery for claims violations of the Federal Credit Reporting Act ("FCRA") as well as for

claimed state law violations.  The plaintiff's Complaint against defendant SouthTrust fails to

state a claim upon which relief may be granted because (a) the FCRA permits a limited right of

private action, which has not been satisfied in this case; and (b) the FCRA contains a pre-

emption clause that specifically prohibits the plaintiff's state law claims in this case.

**II.     <u>SUMMARY OF THE STANDARD OF REVIEW</u>**

          Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint which "fails to

state a claim upon which relief may be granted."  <u>See</u> Fed. R. Civ. P. 12(b)(6).  When ruling on a

motion to dismiss, this Honorable Court must primarily consider the complaint's allegations,

although matters of public record, orders, items appearing in the record of the case as well as

exhibits attached to or cited in the complaint may be taken into account. <u>Pension Benefit Guar.</u>

<u>Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993).  A plaintiff must plead

sufficient facts to satisfy each of the elements of his claim; the Court, moreover, is not constrained by plaintiff's legal conclusions where there is no factual predicate for them.  <u>Moyer v. Borough of North Wales</u>, 2000 U.S. Dist. LEXIS 9038, *8 (E.D. Pa. 2000); <u>see also</u> <u>Showell v. Acorn Housing Corp.</u>, 1997 U.S. Dist. LEXIS 14567 (E.D. Pa. 1997) (conclusory allegations are never permitted under Rule 12(b)(6)).  When close scrutiny of the complaint reveals that no relief can be granted based upon the facts asserted, the complaint must be dismissed.  <u>Moyer</u>, *supra*; <u>Showell</u>, *supra*; Fed. R. Civ. P. 12(b)(6).

A motion for summary judgment also tests the sufficiency of the plaintiff's claims. Federal Rule of Civil Procedure 56 instructs the trial court to enter Summary Judgment when the record reveals that "there is no genuine issue as to any material fact and the moving party is entitled to Summary Judgment as a matter of law." Fed. R. Civ. P. 56(c).  Once the moving party meets its burden of identifying evidence which demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-moving party to go beyond the pleadings and to establish through affidavits, depositions, answers to interrogatories, or admissions that a genuine factual disputes exist for the jury to determine.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The non-moving party may not rely upon pleadings, conclusory allegations, bare assertions or suspicions.  <u>Gans v. Gray</u>, 612 F. Supp. 608 (E.D. Pa. 1985).  A plaintiff who fails to respond to a defendant's motion for summary judgment or who otherwise fails to met his evidentiary burden should  have judgment entered against him.  <u>Id</u>.

The federal courts have made it clear that in today's litigious society, summary judgment is a useful and necessary procedure for resolving potentially costly and time consuming proceedings.  <u>Jules Jurgensen/Rhapsody, Inc. v. Rolex Watch U.S.A., Inc.</u>, 716 F. Supp. 195 (E.D. Pa. 1989).  In short, the entry of summary judgment is an integral part of the Federal Rules

of Civil Procedure and preserves the right to a just, speedy and inexpensive determination.

Matsushita Electric Industry Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## III.  LEGAL ARGUMENT

### A.  **Plaintiff, Kevin Mitchell FCRA Claims Against Defendant SouthTrust Bank Should Be Dismissed Because He Has No Private Right of Action In This Case.  His Claims Fall Under Section 1681 S-2 (a), Which Does Not Permit For a Private Right of Action.**

Section 1681s-2 of the FCRA contains two subparts.  Section 1681s-2 (a) sets forth the

duty of a furnisher of information to correct and update information when notified by plaintiff

that the information is incorrect or inaccurate.  In pertinent part, 1681s-2 (a) provides that:

§1681s- 2.  Responsibilities of furnishers of information to consumer reporting agencies

(a)  Duty of furnishers of information to provide accurate information.
   (1) Prohibition.
      (A) Reporting information with actual knowledge of errors.
   A person shall not furnish any information relating to a consumer
   to any consumer reporting agency if the person knows or
   consciously avoids knowing that the information is inaccurate.
      (B)  Reporting information after notice and confirmation of errors.
   A person shall not furnish information relating to a consumer to any
   consumer reporting agency if
         (i)  the person has been notified by the consumer, at the
   address specified by the person for such notices, that specific information
   is inaccurate; and
         (ii) the information is, in fact, inaccurate.
   (2)  Duty to correct and update information.  A person who –
      (A)  regularly and in the ordinary course of business furnishes
   information to one or more consumer reporting agencies about the
   person's transactions or experiences with any consumer; and
      (B)  has furnished to a consumer reporting agency information that
   the person determines is not complete or accurate, shall promptly notify
   the consumer reporting agency of that determination and provide to the
   agency any corrections to that information, or any additional information,
   that is necessary to make the information provided by the person to the
   agency complete and accurate, and shall not thereafter furnish to the
   agency any of the information that remains not complete or accurate.

See, 15 USC §1681s-2a

The second subpart of §1681s-2 sets forth the duties of furnishers of information who learn of an error through the consumer reporting agency as opposed to plaintiff or some other means.  In pertinent part, §1681s-2(b) provides as follows:

(b)  Duties of furnishers of information upon notice of dispute.

(1)  In general.  After receiving notice pursuant to section 611(a)(2) [15 USCS §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B)  review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USCS §1681i(a)(2)];
(C)  report the results of the investigation to the consumer reporting agency; and

See, 15 USC § 1681s-2(b)

§1681s-2, moreover, specifically provides that there is a limitation on enforcement and on the right of private action.  Subsection (d) provides that:

(d)  Limitation on enforcement.  Subsection (a) shall be enforced exclusively under section 621 [15 USCS §1681s by the Federal agencies and officials and the State officials identified in that section.

The federal courts have consistently held that there is no private right of action for any claims falling under Section 1681s-2 (a) of the FCRA.  For example, in Fino v. Key Bank of New York, 2001 US Dist. LEXIS 24358 (W.D. Pa. 2001), the United States District Court for the Western District of Pennsylvania dismissed plaintiff's claims against defendant Key Bank where plaintiff alleged that this institution negligently and/or willfully misreported credit information regarding her in violation of 15 USC §1681s-2 (b), 1681n, and 1681o.  In that case, the Magistrate wrote an Opinion recommending the dismissal of  all claims and the District Court adopted that recommendation in Fino v. Key Bank of New York, 2001 US Dist. LEXIS 24357 (W.D. 2001).  The Magistrate noted in his Opinion in Fino, supra that §1681s-2 (a)

provides in relevant part that "a furnisher shall not furnish information . . . to any consumer reporting agency if  . . . the furnisher has been notified by the consumer . . . that the specific information is inaccurate . . . and  . . . the information is, in fact, inaccurate."  Moreover, the Magistrate in Fino stated that:

> The FCRA dictates that these and the other provisions of Section 1681s-2 (a) are to be "enforced exclusively . . . by the federal agencies and officials and [certain] State officials" . . . {citation omitted}  Under this provision, the Act "grants the FTC exclusive enforcement power over" Section 1681s-2(a), and "there is no private right of action for a violation of" the Section.

See Fino, 2001 US Dist. LEXIS 24358 at 12 – 13.

The Magistrate in Fino went on to state that while certain courts permit a private cause of action under §1681s-2(b), the District Court did not have to reach that issue because "based on the facts described in the Amended Complaint, the Plaintiff's claims undeniably fall within provisions stated in Section 1681s-2(a)."  In Fino, plaintiff alleged that she first contacted Key Bank directly in May, 1998 to complain about inaccurate information being communicated through the supporting agencies.  The Magistrate in Fino rejected the plaintiff's claims that the claim somehow fell under §1681s-2(b).  As the Magistrate stated that the plaintiff was attempting to " 'shoehorn' her claims against Key Bank into Section 1681s-2(b)", which was not permitted under the facts of the case.  Specifically, the Magistrate stated as follows:

> In this magistrate judge's opinion, the Plaintiff's attempt to massage her averments into Section 1681s-2(b) tortures the plain language of the Act.  Plaintiff's counsel would have the court view her alleged complaints to the Reporting Agencies, regarding inaccuracies already detected and reported by Key Bank, as implicating a new duty to investigate.  What precisely Key Bank was to investigate, when it had already reviewed the plaintiff's information in July, 1998 and notified the Reporting Agencies it was inaccurate, is beyond the court's comprehension  . . . But the FRCA [sic] provisions addressing Key Bank's "duty to correct and update information" and to "not [continue] . . . furnishing . . .

5

> information that remained not complete or accurate "fall under
> §1681s-2(a), a section for which there is no private right of action .
> . .[T]he court is not at liberty to rewrite the statute to manufacture a
> private right of action against the Defendant.  To ignore the
> provisions in §1681s-2(a) expressly addressing the duties allegedly
> breached by Key Bank would be to disregard the "well-settled
> cannon of statutory construction that courts should disfavor
> interpretations of statutes that render language superfluous."
> {citation omitted}.   Simply stated, under any possible reading of
> the Amended Complaint, §1681s-2(a) squarely addresses the duties
> allegedly breached by Key Bank.  The enforcement of that Section
> is reserved exclusively to an agency of the federal government.
> Thus, the Plaintiff's claims against Key Bank should be dismissed.

See Fino, 2001, US Dist. LEXIS 24358 at  20 – 23.

As indicated above, the United States District Court for the Western District of

Pennsylvania, in an Opinion written by Judge McLaughlin, adopted the Magistrate's

recommendation regarding the dismissal of all claims against Key Bank.  See Fino, 2001 US

Dist. LEXIS 24357.

Similarly, in Sullivan v. Equifax, Inc., 2002 US Dist. LEXIS 7884 (E.D. Pa. 2002), the

United States District Court for the Eastern District of Pennsylvania held that in order for

plaintiff to bring a claim for violations of the FCRA, plaintiff must show that the defendant

received notice of the error from a reporting agency.  In that case, Judge McLaughlin found that

the plaintiff's Complaint did contain a brief and concise statement of the claim which satisfied

pleading requirements of the Federal Rules of Civil Procedure.  However, the court noted that

the Complaint had just barely satisfied that pleading burden, and that the Complaint did not

specifically allege a violation of §1681s-2(b).  Specifically, the court in Sullivan stated the

following:

> The plaintiff has not explicitly alleged that InoVision received
> notification of the disputed information from a consumer reporting
> agency. Although §1681s-2(b) seemingly "requires a pleading that
> a consumer reporting agency notified a furnisher of a dispute," this

> information would, at the pleading stage, be unknowable by the plaintiff.  See Jaramillo v. Experian Info. Solutions, Inc., 155 F. Supp. 2d 356, 363-64 (E.D. Pa. 2001). Recognizing this problem, the Jaramillo court allowed a similar claim to go forward, subject to the defendant's right to renew its motion to dismiss if during discovery it could not be established that the defendant had received notice of the disputed information from a consumer reporting agency. . . . {citation omitted}. . . . .Should discovery reveal that InoVision never received notice of the dispute from a credit reporting agency, InoVision will be permitted to review its motion to dismiss the FCRA claim.

See Sullivan, 2002 US Dist. LEXIS 7884 at 6, n.3, citing Jaramillo v. Experian Information

Solutions, Inc., 155 F. Supp. 2d 356 (E.D. Pa. 2001).  See also Hasvold v. First USA Bank, N.A.,

194 F. Supp. 2d 1228 (D.Wy. 2002)  (Plaintiff's complaints against the defendant clearly fell

within the purview of §1681s-2(a), a section for which there was no private right of action);

O'Diah v. New York City, 2002 US Dist. LEXIS 15507, at 47 – 48 ( S.D. N.Y. 2002) (No private

cause of action exists under §1681s-2(a);  further, those courts that have concluded a private

right of action exists under §1681s-2(b) have required plaintiff to show that the furnisher

received notice from a consumer reporting agency, as opposed to plaintiff alone, that the credit

information is disputed); Aklagi v. Nationscredit Financial Services Corp., 196 F. Supp. 2d 1186,

1192 – 1993 (D. Kansas 2002) ("The [plaintiffs] have failed to produce any admissible evidence

to suggest that a consumer reporting agency notified [defendant] that the [plaintiffs] were

disputing the account.  The [plaintiffs] have produced evidence that they notified consumer

reporting agencies and [defendant of the dispute.]");  Dornhecker v. Ameritech Corp., 99 F.

Supp. 2d 918, 928 – 929 (N.D. Ill. 2000) ("[Plaintiff's] FCRA pleadings are otherwise

insufficient.  As noted earlier, Section 1681 s-2(b) triggers a furnisher's duty to investigate

allegedly erroneous information when that furnisher has received notice from a *consumer

reporting agency* that the credit information is disputed.  Nowhere does [plaintiff] make such an

allegation; instead, he alleges that *he* notified Ameritech of the dispute.  For that reason, [plaintiff's] FCRA claim is dismissed without prejudice, and therefore the court also dismisses his pendant state law claims."); Mitchell v. Surety Acceptance Corp., 838 F. Supp. 497 (D. Co. 1993) (A defendant who merely furnishes information to a credit reporting agency is not liable in a civil action under the FCRA; an Affidavit from defendant was sufficient to defeat plaintiff's claims); Freeman v. Southern National Bank, 531 F. Supp. 94 (S.D. tx. 1982) (Granting defendant's motion to dismiss, which the court elected to treat as a Motion for Summary Judgment because it was supported by an Affidavit stating that the contested information in question was developed from the bank's own records).

In accordance with the cases cited above, this court should dismiss plaintiff, Kevin Mitchell's FCRA claims against the defendant, SouthTrust.  Plaintiff's FCRA claims against SouthTrust should be dismissed because:

1.     Although not pleaded well, the case involves a claimed identity theft, where another person, allegedly without plaintiff's permission, used plaintiff's name, social security number, etc., to obtain a credit card from SouthTrust Bank.  Nowhere does the complaint state, which is a prerequisite for there to be a private right of action, that a credit reporting agency initially notified SouthTrust that an error existed with respect to plaintiff's credit card—as opposed to plaintiff initially notifying SouthTrust or SouthTrust first contacting plaintiff.

2.     At best, the complaint alleges that, later, e.g., after SouthTrust had already contacted plaintiff regarding the issues concerning plaintiff's credit card, the credit reporting agencies contacted defendant.  Further, the complaint alleges that, upon learning of the claimed errors, SouthTrust failed to comply with the FCRA's notification and investigation requirements.  See paragraphs 18-20, 37a-j of plaintiff's complaint attached as Exhibit "1."

3.      Count II of the complaint sets forth plaintiff's FCRA claim against defendant SouthTrust. Plaintiff claims that defendant SouthTrust violated sections 1681n (the FCRA's punitive damages provision for willful noncompliance with the FCRA), 1681o (damages in the event of negligent non-compliance with the FCRA), and 1681s-2 (discussing specific reporting and investigating requirements of "furnishers" of credit information) of the FCRA.

4.      Count II fails to state a claim against SouthTrust upon which relief may be granted because:

a.      Section 1681s-2(a) (discussing the reporting and investigation duties of furnishers who first learn of an error from the plaintiff) does not permit a private cause of action.  Rather, section 1681s-2(a) is exclusively enforced by the federal agency.   Plaintiff fails to identify the particular section of 1681s-2 he is purportedly seeking recovery under.  The complaint, consisting solely of boilerplate allegations, contains no facts to indicate that the claim falls outside the scope of section 1681s-2(a).  Therefore, plaintiff has no right of private action, and his civil action complaint should summarily be dismissed.

b.      There are no facts alleged in the complaint to indicate the claims squarely fall under section 1681s-2(b) as opposed to 1681s-2(a).  For a claim to fall under section 1681s-2(b), a credit reporting agency must initially report the credit problem to defendant, which is not what allegedly happened.   To the contrary, plaintiff claims he had repeated contacts with defendant SouthTrust regarding his credit problems, but he never once states that a credit agency first told SouthTrust of the alleged problem and/or that SouthTrust ever indicated to him that a credit agency initially told SouthTrust of the claimed error.  It is therefore clear that plaintiff has not sufficiently plead a cause of action against defendant under section 1681s-2(b).  If anything, his claims fall under 1681s-2(a), which does not permit a private cause of action in this case.

Accordingly, for all the reasons stated above, plaintiff, Kevin Mitchell's FCRA claims against the defendant should be dismissed.  The Complaint simply fails to state a viable cause of action against the defendant.

Moreover, the federal courts, including the United States District Court for the Eastern District of Pennsylvania, have repeatedly stated that a court can consider the Affidavit of a defendant, or other pertinent discovery, in determining whether the plaintiff has met the threshold burden of establishing that the error in question was reported to the defendant by a credit reporting agency.  If it was not, then the plaintiff's Complaint must be dismissed.  In this case, the defendant has submitted an Affidavit from Ms. Busby of SouthTrust Bank.  Her Affidavit states the following:

a)    On May 25, 2000, an application was submitted to defendant SouthTrust which contained plaintiff's name, date of birth, and social security number.

b)    On or about July 11, 2000, defendant SouthTrust's fraud department initially contacted plaintiff because it had noticed, through its own investigation, a potential problem regarding spending on his account.  At that time, plaintiff claimed to SouthTrust that he did not apply to SouthTrust for a credit card.  He claimed that, without his permission, his identity had been stolen.   He sent SouthTrust an affidavit dated August 5, 2000, regarding the claimed identify theft.

c)    At no time prior to the contact by SouthTrust to plaintiff to inform him of a potential problem with his account did any credit reporting agency notify SouthTrust that an error existed with regard to plaintiff's credit card.

d)    At that time, SouthTrust, as required, sent forms to the all three credit reporting agencies, Equifax, Experion, and TransUnion, notifying them of the error and requesting that it be deleted from plaintiff's credit history or credit report.  SouthTrust also closed the account and contacted those entities

10

claiming that plaintiff owed them money on his account and took appropriate steps to have the debt written off or charged off of the account.

e)    The next time SouthTrust heard from plaintiff was on January 15, 2002.  At that time, plaintiff asked SouthTrust to investigate the matter and to make the appropriate corrections with the credit reporting agencies.  At that time, SouthTrust again advised the credit agencies of the claimed identity theft.  By this time, the account had long since been closed.

See Affidavit of Ms. Busby attached as Exhibit "2."

The Affidavit of Ms. Busby of SouthTrust is uncontradicted.  The plaintiff's complaint therefore should be dismissed because there is no question that plaintiff's FCRA claims are precluded under §1981s-2 (a).  Her Affidavit makes clear, not only are the claims precluded under §1981s-2(a), but it is equally clear that SouthTrust complied with the FCRA including its proper reporting and investigation of the matter.  SouthTrust was not negligent and did not do anything wrong.  Further, there is no casual relationship between the claimed act of defendant and plaintiff's alleged damages.  SouthTrust, which complied with the FCRA, clearly was not the proximate cause of any of plaintiff's claimed damages.  If the credit reporting agencies failed to make corrections in terms of plaintiff's credit rating, defendant SouthTrust cannot be blamed for that.  Due to the fact that the claims fall squarely under §1681s-2 (a); due to the absence of any violation of defendant SouthTrust of §1681s-2 (a) or any other provision of the FCRA; and due to the absence of proximate cause, all of the claims in the Complaint should be stricken and dismissed with prejudice.

   **B.    Plaintiff, Kevin Mitchell's State Claims Are Barred And Precluded As A Matter Of Law Because Defendant SouthTrust Has Absolute Immunity On Such Claims And Also Because Plaintiff's State Law Claims Are Pre-Empted. There Is No Evidence Of Any Malice Or Any Willful Or Conscious Intent On The Part Of Defendant To Violate A Plaintiff's Rights.  There Is Also No Evidence To Support Plaintiff's Claims for Punitive Damages.  These Claims Should All Be Dismissed.**

Section 1681t of the FCRA contains the FCRA pre-emption provisions.  It expressly precludes plaintiff from bringing any negligence claims or any other state law claims for an alleged credit reporting violation such as those alleged by plaintiff in this case.  Specifically, §1681t provides that there is absolutely immunity for defendants for any state law claims by the plaintiff.      This section provides, in pertinent part:

> No requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . [§1681s-2] of this title, relating to the responsibilities of persons who furnished information to consumer reporting agencies . . .

See 15 U.S.C. §1681t (b) (1) (F).

Furthermore, §1681h provides,  in pertinent part, that:

> No consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to §609, 610 or 615 [15 USC §16811g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

See 15 U.S.C. §1681h(e).

The federal courts, including the United States District Court for the Eastern District of Pennsylvania, have held that the absolute immunity/federal pre-emption provisions specifically preclude plaintiff's state law claims in this case.  These claims simply are not permitted and are, in fact, pre-empted by federal law.  For example, in Jaramillo, supra., the United States District Court for the Eastern District of Pennsylvania held that plaintiff claims for reported violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law were pre-empted by the

FCRA. Therefore, under no circumstances, could the plaintiff bring such a claim in either state or federal court. In support of its finding, the Jaramillo court stated as follows:

> [I]t is clear from the face of §1681t (b) (1) (F) that Congress wanted to eliminate all state causes of action "relating to the responsibilities of persons who furnish information to consumer reporting agencies." Any other interpretation would fly in the face of the plain meaning of the statute . . . plaintiff argues that the FCRA does not pre-empt state law as long as the state law is not inconsistent with the FCRA. However, here, state law is consistent with the FCRA, specifically with §1681t(b)(1)(F) . . . Pennsylvania's CPL, plaintiff asserts, does not specifically regulate credit reporting, but rather is a general statute proscribing unfair and deceptive practices, and thus is not preempted by the FCRA. This argument is unpersuasive.
> The plain language of §1681t (b)(1)(F) clearly eliminated all state causes of action against furnishers of information, not just the ones that stem from statutes that relate specifically to credit reporting. To allow causes of action under state statutes that do not specifically refer to credit reporting, but to bar those that do, would defy the Congressional rationale for the elimination of state causes of action. For the reasons stated above, pursuant to 15 USC, §1681t(b)(1)(F), the CPL claim against [defendant] is pre-empted by the FCRA.

See Jaramillo, 155 F. Supp. 2d 361 – 362;   see also Sullivan , 2002 US Dist. LEXIS 7884, 4, n.2 ("The plaintiff has agreed to withdraw her claims for defamation, tortious interference, and violation of Pennsylvania's consumer protection law", . . . "because these claims are pre-empted by the FCRA and therefore are not permitted.")

Numerous other federal courts have reached the same conclusion that a plaintiff may not bring negligence claims, consumer protection claims or any other similar state law claim, because these claims are pre-empted by the FCRA. This includes not only state consumer protection law claims but also defamation claims where there is no evidence of malice. See Hasvold, 194 F. Supp. 2d at 1238 (determining that plaintiff's claims are barred because they fall within the purview of §1681s-2 and also because the claims are pre-empted by federal law

pursuant to §§1681t(b)(1)(F) and 1681h;  Aklagi, 196 F. Supp. 2d at 1195 ("Any state law

defamation claim predicated on (defendant) furnishing inaccurate information to a consumer

reporting agency after [defendant] received notice of the [plaintiff's] dispute is completely

preempted by §1681t(b)(1)(F)";   plaintiffs failed to produce any evidence that defendant acted

with malice or with willful intent to injure plaintiffs); Mitchell, 838 F.Supp. at 501 ("Plaintiff's

claim for defamation is pre-empted by §1681h (e) of the FCRA, which provides [defendant] with

qualified immunity on the claim of defamation" ; defendant produced an Affidavit establishing

an absence of malice or willful intent to injure plaintiff on behalf of defendant and therefore, the

plaintiff's defamation claim was dismissed).

        In addition to the cases already discussed, numerous other federal circuit and federal

district courts have reached the same conclusion that the plaintiff's state law claims were

precluded because defendants were immune from such claims and/or because plaintiffs failed to

prove the existence of any malice or willful intent to injure in support of plaintiff's defamation,

negligence, or invasion of privacy claims.  Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir.

1997) (setting forth the standard to be applied for the district court when determining whether

there is any evidence of willful violations or non-compliance with the FCRA); Stephenson v.

TRW, Inc., 987 F.2d 288, 294 (5th Cir. 1993) (reversing district court finding of willful non-

compliance because the record "does not reveal . . . any intention to thwart consciously

[plaintiff's] right to have inaccurate information removed promptly from his report"); Rhodes v.

Ford Motor Credit Co., 951 F.2d 905, 907 (8th Cir. 1991) (affirming district court's finding that

there was no evidence to support plaintiff's state law theories of defamation and negligence

because there was no evidence in the record that defendant acted with malice or willful intent);

See, e.g., O'Connor v. Trans Union Corp., 1999 U.S. Dist. LEXIS 14917,  *20 – 24 (E.D. Pa.

1999) (to show willful non-compliance with the FCRA, plaintiff must show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the plaintiff; concluding that plaintiff failed to provide any evidence of malice or willful intent to injure and therefore plaintiff's defamation claim was dismissed); Lang v. Trans Union Corp., 1999 U.S. Dist. LEXIS 18584, *11 (W.D. Pa. 1999) (dismissing plaintiff's defamation claims where plaintiff failed to demonstrate that defendant knowingly and intentionally committed an act in conscious disregard for plaintiff or that defendant acted with malice or willful intent to harm plaintiff); Riley v. Equifax Credit Information Services, Inc., 194 F. Supp. 2d 1239, 1249 (S.D. AL. 2002) (plaintiffs provided the court with no evidence that defendant knowingly and intentionally committed an act in conscious disregard of plaintiff's rights; therefore, there was no legal or factual basis for plaintiff's actual and punitive damages claims under the FCRA and those claims were dismissed); Bruce v. First U.S.A. Bank N.A., 103 F. Supp. 2d 1135, 1145 (E.D. Mo. 2000) ("the showing of malice or willful intent to injure under section 1681h (e) is a higher standard of proof than the willfulness required for punitive damages under section 1681n"; therefore, plaintiff's defamation claims were dismissed); Thorton v. Equifax, Inc., 619 F.2d 700 (8th Cir. 1980) (the burden of proof standard requiring malice for a defamation claim is even higher than the burden of proof for punitive damages under the FCRA).

In accordance with the cases cited above, it is abundantly clear that even if the Court were to conclude that the claims fell under 1681s-2(b), which is not the case, there are no facts in the complaint to indicate that the defendant acted intentionally or willfully or that punitive damages are justified. Plaintiff claims he had repeated contacts with the defendants since January 2001. He never points to any specific date or instance when defendant SouthTrust acted with an intent to harm him or acted in a manner which might possibly justify punitive damages.

To the contrary, the complaint consists of unsupported boilerplate allegations of claimed willfulness, which this Court should hold are insufficient to state such a claim.  See paragraph 37(a)-(i) (containing unsupported boilerplate allegations that defendant SouthTrust "willfully and negligently" did not comply with the FCRA's provisions); see also paragraph (c) of "Prayer for Relief" section of complaint, (seeking punitive damages).  In short, the mere fact that information was allegedly not properly reported or investigated by defendant does not mean the defendant intended to harm plaintiff or that defendant intended to provide knowingly false information.  Here, there are absolutely no facts at all to support the willfulness or punitive damages aspects of the complaint, and those claims should be dismissed.

Likewise, Count IV of the complaint alleging a defamation claim against defendant, SouthTrust should be dismissed because:

a.    As a threshold matter, section 1681t(b)(1)(F), containing the FRCA's pre-emption provisions, precludes plaintiff from bringing any state law negligence claims or any other state law  claims based upon alleged credit reporting violations.   Section 1681h(e) further provides that the FCRA pre-empts all state law claims of negligence, defamation, and any similar state tort law claim involving an alleged credit reporting violation absent evidence of malice.  There is no evidence of malice in the complaint, which mandates the dismissal of the defamation claim.

b.    Further, defamation claims in both Pennsylvania and Alabama have a one year statute of limitations.  The plaintiff's complaint alleges that plaintiff has been in contact with defendants since January 2001 regarding the claimed credit reporting problems at which point he knew, or should have known, of any alleged defamation.  The complaint, however, was not filed until approximately August 8, 2002, which is well beyond the one year statute of limitations for his purported defamation claim.

16

Similarly, Count VII of the plaintiff's complaint, alleging negligence against defendant SouthTrust, should be barred as a matter of law because:

  a. Section 1681t contains the FRCA's pre-emption provisions. It expressly precludes plaintiff from bringing any negligence claims or any other state law claims for alleged credit reporting violations such as those alleged by plaintiff in this case. Because there are no claims other than negligence set forth in this Count, the entire Count should be stricken pursuant to section 1681t.

Similarly, In Count VII, Paragraph 70(b) alleges, without pointing to any specific cause of action, statute, code, or regulation that defendant was negligent in "disregarding Plaintiff's rights and failing to comply with the laws and regulations of the Commonwealth of Pennsylvania as set forth above." To the extent plaintiff is purporting to make a claim against this defendant under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, such a claim has clearly not been sufficiently plead. More important, this claim falls squarely within section 1681(t)'s pre-emption clause. It is not permitted under any circumstances. Paragraph 70(b) should be dismissed in its entirety for its failure to state a claim upon which relief may be granted.

Count XIII alleges an invasion of privacy/false light claim against defendant SouthTrust. This claim is also barred by the FCRA's pre-emption clause, which expressly prohibits plaintiff from asserting state law claims for alleged credit reporting violations.

In the "Prayer for Relief" section of the complaint, plaintiff asks for punitive damages. As noted above, there is nothing in the complaint to support a claim for punitive damages. <u>See Riley v. Equifax Credit Information Services, Inc.</u>, <u>supra.</u>; <u>Bruce v. First U.S.A. Bank, N.A.</u>, <u>supra.</u>; <u>Thorton v. Equifax, Inc.</u>, <u>supra.</u>; <u>Aklagi v. Nationscredit Financial Services, Corp.</u>, <u>supra.</u>; <u>Mitchell v. Surety Acceptance</u>

Corp., supra.; Cushman v. Trans Union Corp., supra.; Stephenson v. TRW, Inc., supra.; Rhodes v. Ford Motor Credit Co., supra.; O'Conner v. Trans Union Corp., supra.; Lan v. Trans Union Corp., supra.

Accordingly, for all of the reasons stated above, the court should dismiss plaintiff's FCRA claims as well as any and all claims for reported violations of state law including but not limited to any claims for violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, any claims for negligence, any claims for defamation, any claims for invasion of privacy, as well as any claims for punitive damages. These claims should all be dismissed because it is clear, on the face of complaint, that there is no evidence to support them. Also, the court may look to the affidavit of Ms. Busby of SouthTrust. That affidavit makes it clear that, assuming arguendo that were a proper cause of action, defendant SouthTrust complied with FCRA and that there was no evidence at all of an intent to willfully injure or consciously disregard plaintiff's rights. Likewise there is no evidence at all of malice. The claim should be dismissed due to the absence of any negligence, willfulness, or malice on the part of defendant and also because there is absolutely no evidence of any causual relationship between defendant's claimed acts and plaintiff's alleged damages.

**C.     Plaintiff, Kevin Mitchell's Defamation Claims Are Also Barred By The One Year Statute Of Limitations.**

The Federal Courts have stated on numerous occasions that the statute of limitations defense may be raised in a Motion to Dismiss where it is clear, on the face of the complaint, that the claims are barred by the statute of limitations. See Jones v. GPU, Inc., 2002 U.S. Dist. LEXIS 13386, *3 (E.D. Pa. 2002) (" a claim may be dismissed as time barred where it is clear from the complaint that the applicable statute of limitations has lapsed."); see also, Elliott Reihner Siedzikowski and Egan, P.C. v. The Pennsylvania Employees Benefit Trust Fund, 161 F. Supp. 2d 413 (E.D. Pa. 2001). Moreover, the Supreme Court of the United States has made it clear that the discovery rule does not apply to the FCRA. See TRW v. Andrews, 534 U.S. 19 (2001).

In this case it is clear that under either Pennsylvania or Alabama law, there is a one year statute of limitations for claims of defamation. See Evans v. Philadelphia Newspapers, Inc., 601 A.2d 330 (Pa. Super. 1991) (Pennsylvania has a one year statute of limitations period for defamation claims); Hovater v. Equifax, Inc., 823 F.2d 413 (11th Cir. 1987) (Alabama has a one year statute of limitations for any claims of defamation; therefore, where plaintiff asserted FCRA and defamation claims, the defamation claims were barred by the one year statute of limitations).

In this case, the plaintiff's claims defamation are barred under both Pennsylvania and Alabama law, each of which has a one year statute of limitations for a defamation claim. Here, the plaintiff alleges that he had been in contact with the defendant since January, 2001 regarding the claimed credit reporting problems. The complaint, however, was not filed until approximately August 8, 2002, which is well beyond the one year statute of limitations for his purported defamation claim. Therefore, the defamation claim is clearly barred by the statute of limitations.

## IV.   CONCLUSION

For all the reasons stated above, defendant, SouthTrust Bank, respectfully requests that this Honorable Court grants its Rule 12(b)(6) Motion to Dismiss or, in the alternative, Rule 56 Motion for Summary Judgment, and dismiss the plaintiff's claims and any and all crossclaims against the defendant.

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN


By:_____
            JONATHAN D. WEISS
            JEFFREY P. BATES
            Attorneys for Defendant,
            SouthTrust Bank

            Identification Nos.:
            1845 Walnut Street
            Philadelphia, PA 19103
            Phone: (215)575-2787/2812

\01_18\LIAB\JDW\LLPG\242978\LNG\03099\00575

## CERTIFICATE OF SERVICE

I, Jonathan D. Weiss, Esquire, do hereby certify that a true and correct copy of the Rule 12(b)(6)

Motion to Dismiss or, in the alternative, Rule 56 Motion for Summary Judgment, of Defendant,

SouthTrust Bank was served upon all parties by first class mail on 9/30/02 at the following

addressees:

Mark D. Mailman, Esq.
FRANCIS & MAILMAN
100 South Broad Street
19th Floor
Philadelphia, PA 19110

Timothy P. Creech, Esquire
Saltzberg Trichon Kogan & Wertheimer, PC
181 Market St., 30th Fl.
Philadelphia, PA  19103

John Keim Semler, Jr., Esquire
Ballard Sparhr Andrews & Ingersoli, LLP
1735 Market Street, 51st. Fl.
Philadelphia, PA 19103

Respectfully submitted,

_____
Jonathan D. Weiss

1